EXHIBIT  A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2013 FEB 20  P 3: 04

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Bank of America, N.A.;
Does 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Carlos A. Terriquez

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*   San Diego Superior Court
330 West Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2013-00035395-CU-PO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carlos A. Terriquez   P.O. Box 81653, San Diego, CA 92138   (619)200-8905

DATE: FEB 2 1 2013
*(Fecha)*

Clerk, by
*(Secretario)*       A. Rhodes       , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
*Superior Court of California County of San Diego*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2013 FEB 20 P 3: 05

CLERK-SUPERIOR COURT
SAN DIEGO, CA

Carlos A. Terriquez
P.O. Box 81653
San Diego, CA 92138
(619)200-8905

F I L E D
Clerk of the Superior Court

FEB 2 0 2013

Carlos A. Terriquez, IN PRO PER

By: _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| CARLOS A. TERRIQUEZ,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, N.A.;<br>DOES 1 through 10, inclusive<br><br>          Defendants. | Case No.:   **37-2013-00035395-CU-PO-CTL**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**1)** California Consumer Credit Reporting Agencies Act, Cal. Civil Code §1785.25(a)<br><br>**2)** California Rosenthal Fair Debt Collection Practices Act, Civil Code §1788 *et seq* |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer against Defendant for

violations of the California Rosenthal Act, Civil Code §1788 *et seq* ("RFDCPA") and for violations

of the California Consumer Credit Reporting Agencies Act §1785.25(a)("CCRAA"), all of which

prohibit debt collectors and credit agencies from engaging in abusive, deceptive, and unfair practices.

//

## II. PARTIES

2.   Plaintiff CARLOS A. TERRIQUEZ ("Plaintiff") is a natural person residing in the State of California, County of San Diego.

3.   Defendant BANK OF AMERICA, N.A. ("BANA"), a national banking association, regularly lends money in credit transactions and collects associated and alleged debts owed by California consumers to itself on its own or through third party collection agencies, and reports the same to the major credit reporting agencies.

4.   Venue is proper in this county in accordance with Section 395(a) of the California Code of Civil Procedure because, Defendants, and each of them, are either individuals or business entities conducting business in San Diego, California, and/or violations of law occurred in, or injured a consumer in matters related to, the State of California, County of San Diego.

5.   The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.   Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venture, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.   Plaintiff requests that when the true names and capacities of those DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

//

//

//

### III. FACTUAL ALLEGATIONS

6.   On March 11, 2010, CACH, LLC (CACH"), a third party debt collector, filed suit in San Diego Superior Court against the Plaintiff in an attempt to collect on an alleged outstanding BANA debt.

7.   The case number of the above March 11, 2010 unverified Complaint is 37-2010-00087512-CL-CL-NC.   A copy of said Complaint is attached hereto as **Exhibit A.**

8.   CACH's complaint against the Plaintiff referenced account number *4888931992796362.*

9.   Some of the most relevant allegations contained within CACH's complaint against the Plaintiff included the claims that there had been a contractual agreement between the Plaintiff and BANA, that the Plaintiff had become indebted to BANA in the sum of $3,417.21, and that CACH was now the rightful owner of said account.

10. In truth, there was never any such "written agreement" between the Plaintiff and BANA nor was any such monetary or other benefit paid to the Plaintiff by BANA, and any claim to the contrary is either fraudulent or, at the very least, in reckless disregard of the truth.

11. On May 11, 2010, pursuant to the Plaintiff's *Inspection Demand,* CACH was mandated, to provide the Plaintiff with a copy of the alleged contract, copies of the alleged credit card transactions and copies of any and all sales receipts in connection with the alleged BANA account.

12. CACH not only failed to provide the Plaintiff with the requested documents but gave no responses, objections nor explanations as to why CACH was not going to proffer the most basic elementary documentation in the verification and validation of the alleged BANA debt.

13. On September 3, 2010 a Superior Court Judge sanctioned CACH's attorney of record $750.00 dollars for not complying with the Plaintiff's discovery requests.

14. On September 15, 2010, after failing to validate the alleged BANA debt in open state

court, CACH filed a dismissal **with prejudice** in their court case against the Plaintiff. (See attached **Exhibit B**)

### A. Common Law Retraxit

15. A dismissal with prejudice, also known as "common law retraxit", is <u>a legal equivalent to a verdict and judgment on the merits</u>[1].

### B. Disputing the Alleged BANA Debt with the National Credit Bureaus

16. On August 21, 2011, the Plaintiff mailed, via return receipt, a dispute letter to *Transunion*, *Equifax*, and *Experian* requesting a reinvestigation of the CACH/BANA alleged account. Copies of CACH's court case against the Plaintiff were also submitted to the 3 national credit bureaus. (See attached **Exhibits C, D,** and **E**)

17. The Plaintiff's written dispute to the credit bureaus demanded that both CACH and BANA delete their trade line from the Plaintiff's credit reports given that it was legally determined and mandated by official court documents that Plaintiff did not owe the alleged debt.

18. By the end of September 2011, all of the credit bureaus concluded their reinvestigations regarding BANA's alleged account and notified the Plaintiff that BANA had "verified" its alleged account as accurate information on the Plaintiff's credit reports.

### C. Multiple Violations of CCRAA §1785.25(a)

19. Plaintiff is informed and believes and thereon alleges that *Transunion* sent a notice of dispute to BANA and requested verification of the alleged BANA account.

20. *Transunion*'s final results of reinvestigation confirms that BANA "verified" their account as accurate. Therefore, BANA reported false information to *Transunion* given that the **common law**

---

[1] *Torrey Pines v. Superior Court of San Diego*, (1989)216 Cal. App.3d 813, 265 Cal Rptr. 217; *Rice v. Crow* (2000) 81 Cal. App. 4th 725, 97 Cal. Rptr. 2d 110

**retraxit** adjudication in state court confirmed that Plaintiff did not owe, nor had ever owed, the alleged BANA debt thus resulting in a violation of §1785.25(a)[1] of the CCRAA which states:

> *"A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."*

21. This legal confirmation that Plaintiff was not the debtor of the alleged BANA debt was maliciously, recklessly, and knowingly ignored when BANA, in turn failed to notify the other 2 credit bureaus regarding the inaccurate information being reported on the Plaintiff's credit reports and thus failed to comply with §1681s-2(b)(1)(D) of the Fair Credit Reporting Act ("FCRA") which states:

> *"After receiving notice pursuant to section...of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall ...if the investigation finds that the information is incomplete or inaccurate, report those results to all **other** consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis."*

22. Instead, BANA parroted false information to *Equifax* and *Experian* by "verifying" BANA's alleged account as accurate information or simply failed to notify the other 2 credit bureaus.

23. BANA's failure to comply with §1681s-2(b)(1)(D) of the FCRA resulted in another 2 separate violations of §1785.25(a) of the CCRAA.

---

[1] An historical note regarding federal preemption: Prior to 2009, several federal district courts erroneously concluded that a cause of action under CCRAA §1785.25(a) was preempted by federal law and a number of courts followed that reasoning.  The 9th Circuit Court of Appeal reviewed one such decision in 2009 and ruled that said decisions were erroneous, that there is a private right of action under California Civil Code §1785.25(a), and that there is no federal preemption.  *Gorman v. Wolpoff & Abramson, LLP*, 552 F. 3d 1008(9th Cir. 2009).   Furthermore, the California Court of Appeal for the Second District, Division 7, also issued a decision holding that federal law does not preempt CCRAA §1785.25(a) remedies provision. *Sanai v. Saltz* (2009) 170 Cal.App.4th 746.

24. Plaintiff is informed and believes and thereon alleges that *Equifax* sent a notice of dispute to BANA and requested verification of the alleged BANA account.

25. Plaintiff is informed and believes and thereon alleges that given the final results of reinvestigation confirmed on the Plaintiff's *Equifax* credit report that BANA "verified" their account as accurate.    Therefore, BANA reported false information to *Equifax* given that the **common law retraxit** adjudication in state court confirmed that Plaintiff did not owe, nor had ever owed, the alleged BANA debt thus resulting in another separate violation of §1785.25(a) of the CCRAA.

26. This legal confirmation that Plaintiff was not the debtor of the alleged BANA debt was maliciously, recklessly, and knowingly ignored when BANA, in turn failed to notify the other 2 credit bureaus regarding the inaccurate information being reported on the Plaintiff's credit reports.

27. Instead, BANA parroted false information to *Transunion* and *Experian* by "verifying" BANA's alleged account or simply failed to notify the other 2 credit bureaus thus failing to comply with §1681s-2(b)(1)(D) of the FCRA, and thus resulting in another 2 separate violations of §1785.25(a) of the CCRAA.

28. Plaintiff is informed and believes and thereon alleges that *Experian* sent a notice of dispute to BANA and requested verification of the alleged BANA account.

29. Plaintiff is informed and believes and thereon alleges that given the final results of reinvestigation confirmed on the Plaintiff's *Experian* credit report that BANA "verified" their account as accurate. Therefore, BANA reported false information to *Experian* given that the **common law retraxit** adjudication in state court confirmed that Plaintiff did not owe, nor had ever owed, the alleged BANA debt thus resulting in another separate violation of §1785.25(a) of the CCRAA.

30. This legal confirmation that Plaintiff was not the debtor of the alleged BANA debt was

maliciously, recklessly, and knowingly ignored when BANA, in turn failed to notify the other 2 credit bureaus regarding the inaccurate information being reported on the Plaintiff's credit reports.

31. Instead, BANA parroted false information to *Transunion* and *Equifax* by "verifying" BANA's alleged account or simply failed to notify the other 2 credit bureaus thus failing to comply with §1681s-2(b)(1)(D) of the FCRA and thus resulting in yet another 2 separate violations of §1785.25(a) of the CCRAA for a total of 9 separate violations in the transactions that took place, or the transactions that should've been triggered by the Plaintiff's 3 dispute letters that were submitted to the 3 national credit reporting agencies.

### D. A Direct Dispute with BANA

32. On December 8, 2013, the Plaintiff sent BANA, via certified mail return receipt, a dispute letter informing them that their alleged account had been adjudicated in favor of the Plaintiff in open state court. (see attached **Exhibit F**)

33. Said letter was very specific as to its explanation of CACH's defeat in state court and as to the Court's determination regarding the legal status of the alleged BANA debt and its legal imperatives thereof.

34. Essentially, the Plaintiff's dispute letter put BANA on notice that it too was subject to the same legal mandates of a dismissal **with prejudice** and that therefore BANA must immediately delete their trade line from the Plaintiff's credit reports.

35. The Plaintiff also provided BANA with copies of CACH's court case including the dismissal as well as copies of the Plaintiff's credit reports showing that BANA's account number matched the alleged account number in CACH's court case.

36. On January 27, 2013, the Plaintiff pulled his credit reports to find that BANA had once more ignored the legal mandates of official court documents by not deleting their trade line.

37. BANA's continual malicious refusal to delete their trade line from the Plaintiff's credit reports in spite of being put on notice again on December 10, 2013 constitutes another 3 separate violations of §1785.25(a) of the CCRAA.

### D. Multiple Violations of California's Rosenthal FDCPA §1692e(8)

38. BANA not only failed to promptly inform the 3 national credit bureaus that the account was not legally owed by the Plaintiff, but also violated California Civil Code §1788.17 by failing to comply with §1692e(8) which prohibits:

*"Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, **including the failure to communicate that a disputed debt is disputed.**"*

39. In spite of inarguable material evidence and a legitimate basis for the dispute, and in addition to the flagrant refusal to comply with state law by refusing to delete their trade line from the Plaintiff's credit reports, BANA failed to report the alleged BANA debt as "disputed" on all 3 of the Plaintiff's credit reports.

40. Additionally, BANA's refusal to report their alleged account on the Plaintiff's credit reports as "disputed" also constitutes another 3 separate violations of §1785.25(a) of the CCRAA for reporting incomplete or inaccurate information.

### IV.SUMMARY

41. It was willful and malicious on the part of BANA for not promptly removing their account from the Plaintiff's credit reports after being put on notice by both the Bureaus and the Plaintiff that BANA's alleged account had been adjudicated in favor of the Plaintiff.

42. BANA refused, and continues to refuse, to comply with the legal mandates of official court documents.

43. The nature and scope of the Plaintiff's dispute letters were very specific.

44. Given the specificity of the Plaintiff's dispute letters, and the copies of the court case that were also included as part of the dispute, BANA was legally mandated under the FCRA, the CCRAA, and 16 CFR 660.3 to conduct a reasonable investigation.

45. As of July 2010, federal law mandates that data furnishers maintain written policies and procedures which explain how they will ensure the accuracy and integrity of the data they submit to the credit bureaus.

46. BANA, however, failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit reports thus violating state and federal laws as set forth in this Complaint. These violations occurred before, during, and after the dispute letters were mailed to the credit bureaus and before, during, and after a dispute letter was mailed to BANA.

47. Essentially, the credit bureaus are limited in their capacity to act as legal arbitrators in determining what constitutes a "legal debt". For this reason, the credit bureaus, as well as the data furnishers, are legally obligated to rely upon court documents when court documents are made available by the consumer.

48. In other words, court documents must be given credence over the "reasonable standard" that is currently held and maintained by the credit bureaus, and data furnishers, in the verification of alleged consumer debts.

49. Furthermore, the FCRA, the RFDCPA, the CCRAA, and the CFR place affirmative duties upon BANA to design a communication system so that it is accurately informed of the legal status of every one of its alleged accounts sold or transferred to third parties.

50. Pursuant to the legal mandates of official court documents , BANA must abandon any

and all further claims against the Plaintiff.

51. BANA was, and continues to be, legally obligated to completely delete their trade line from the Plaintiff's credit reports.

52. A dismissal with prejudice is a final determination as to the legal status of BANA's alleged debt.

53. BANA knew that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind the Defendant's actions with the goal to force the Plaintiff to pay on an account the Plaintiff does not owe and an account that was already adjudicated in open court in favor of the Plaintiff.

54. BANA has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or consumer reports and as such Defendant is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

55. The actions, or inactions, on the part of the Defendant has caused the Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

56. **The Plaintiff files this lawsuit as a last recourse given that dispute letters to both the credit bureaus and BANA were ineffectual.**

//

//

//

**Complaint and Demand for Jury Trial**

## FIRST CAUSE OF ACTION

Violation of the Consumer Credit Reporting Agencies Act
(CCRAA, Cal. Civil Code §1785.25(a))

57. Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

58. To the extent that Defendant's actions, counted above, violated Cal. Civil Code §1785.25(a), those actions were done knowingly, willfully, and maliciously.

59. BANA was, and continues to be, in violation of California Code **§1785.25(a)** from the Consumer Credit Reporting Agencies Act.

60. Pursuant to California Code **§1785.25(a)** BANA continues to be legally obligated to remove BANA's account from all of the Plaintiff's credit reports.

61. Pursuant to Cal. Civil Code. §1785.31, Plaintiff is entitled to punitive damages of "not less than $100 nor more than $5,000" per violation.    Plaintiff asserts that, given the obviously-purposeful nature of the Defendant's illegal activity, the upper limit ($5,000.00) of punitive damages is warranted against the Defendant and in favor of Plaintiff for each violation.    Plaintiff is also entitled to court costs and attorney's fees.

## SECOND CAUSE OF ACTION

Violation of the Rosenthal Fair Debt Collection Practices Act
(RFDCPA, Cal. Civil Code §1788.17)

62. Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

63. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly, willfully and maliciously.

64. The RFDCPA (via Cal. Civil Code §1788.17) incorporates by reference the vast majority of the provisions contained in the federal FDCPA, 15 U.S.C. §1692.

1    65. More specifically, Plaintiff alleges that BANA violated 15 U.S.C. §1692e(8).

2    66. Pursuant to RFDCPA, Plaintiff is entitled to actual damages and statutory damages of not

3    less than \$100.00 nor more than \$1,000 per violation.   Furthermore, pursuant to 15 U.S.C. §1692k

4
     (incorporated into the RFDCPA by Cal. Civil Code §1788.17), Plaintiff is entitled to statutory
5

6    damages "not exceeding \$1,000".   Plaintiff asserts that, given the obviously-purposeful nature of the

7    Defendants illegal activity, the upper limit (\$2,000.00) of statutory damages is warranted against the

8    Defendant and in favor of Plaintiff for each violation.   Furthermore, attorney fees and costs of suit

9    are authorized by both Ca. Civil Code §1788.30 and 15 U.S.C. §1692k.

10

11
     **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:
12

13           1. Damages against the Defendant and in favor of Plaintiff in the amount of
                \$2,000.00-per-violation of the RFDCPA;
14           2. Damages against the Defendant and in favor of Plaintiff in the amount of
                \$5,000.00-per-violation of the CCRAA;
15           3. Actual Damages;
             4. Punitive Damages to be determined at trial;
16           5. Mandatory injunction requiring defendants to remove the false information
17              concerning BANA's alleged account from his credit reports;
             6. Declaratory Relief;
18           7. Equitable Relief;
             8. An award of costs of litigation and reasonable attorney's fees, if applicable
19           9. For such other and further relief as the Court may deem just and proper.

20

21
     Date:
22
                                                              Carlos A. Terriquez
23   //

24   //

25   //

26   //

27
     //
28

---

1

## DEMAND FOR TRIAL BY JURY

2

Please take notice that Plaintiff demands trial by jury in this action.

3

4

Date: 2/20/13

5

Carlos A. Terriquez

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

CIVIL

THE LAW OFFICES OF ROBERT J. COLCLOUGH, III
Robert J. Colclough, III, Esq. (SB#180821)          2010 MAR 11  AM 11: 20
7120 Hayvenhurst Ave., Ste. 111
Van Nuys, California 91406
Telephone (818) 906-0120
Fax (818) 933-3383
Attorneys for Plaintiff: CACH, LLC

1
2
3
4
5

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN DIEGO – CENTRAL COURTHOUSE
### LIMITED CIVIL CASE

6
7
8

|  |  |
|---|---|
| CACH, LLC | Case No.: **37-2010-00087512-CL-CL-CTL** |
| Plaintiff, | **COMPLAINT FOR:** |
|  | 1. **BREACH OF WRITTEN CONTRACT** |
|  | 2. **MONIES DUE AND OWING** |
| vs. | 3. **UNJUST ENRICHMENT** |
| CARLOS A TERRIQUEZ, and DOES 1-10 |  |
| Defendant |  |

9
10
11
12
13
14

The prayer for damages within this complaint is less than $10,000.00.

Comes now the Plaintiff, CACH, LLC, by and through counsel Robert J.

Colclough, III, Esq., for its cause(s) of action against Defendant

CARLOS A TERRIQUEZ, and allege as follows:

### GENERAL ALLEGATIONS

1  Plaintiff, CACH, LLC, is and was at all relevant times a Colorado
   Limited Liability company that purchases debt for collection.

2  Plaintiff is informed and believes and based on such information
   and belief alleges that Defendant, CARLOS A TERRIQUEZ, is an
   individual residing within this judicial district.

3  Plaintiff is unaware of the names and locations of the Doe
   Defendants and will inform this court of each if and when an
   individual or entity is discovered.

COMPLAINT

1   4  BANK OF AMERICA, N.A., conducts business through out the United

2       States providing credit card services for its customers.

3   5  Before the commencement of this action, CACH, LLC, purchased this

4       BANK OF AMERICA, N.A., credit card collection account for good

5       consideration.

6   6  This action is not subject to Civil Code Section 1812.10 or

7       2984.4.  This action is subject to Code of Civil Procedure 395.

8       The obligation was entered into in, and/or when the obligation

9       was entered into the Defendant's resided in and/or when this

10      action was commenced the Defendant resided in this judicial

11      district.

12   7  Please be advised that this is an attempt to collect a debt and

13      any information obtained will be used for that purpose.  You

14      should also be aware that consumers have the following rights

15      whithin 30 days from the receipt of this complaint you may:

16         (a)  Dispute the validity of this debt or any part this; if

17             you do not, the debt will be presumed to be valid.

18         (b)  Notify us in writing that all or part of the debt is

19             disputed or that you wish to know the name and address of

20             the original creditor if different from the current

21             creditor, in which case we will provide the requested

22             information and obtain verification of debt.

23         I.     **FIRST CAUSE OF ACTION BREACH OF CONTRACT**

24

25   8  Plaintiff incorporates and re alleges paragraphs 1 through 7 as

26      though fully set forth at this point.

27   9  That on or about 8/16/2004, CARLOS A TERRIQUEZ, entered into a

28      written  agreement  with  BANK  OF  AMERICA,  N.A.  whereby  in

1   consideration for a credit card provided by BANK OF AMERICA, N.A.

2   to defendant, Defendant would recompense BANK OF AMERICA, N.A.

3   accordingly.

4   10 Pursuant to the terms of the credit card agreement, Defendant

5   promised to make monthly payments towards the balance owned on

6   the credit card.

7   11 BANK OF AMERICA, N.A. did provide the credit card, credit card

8   number 4888931992796362 to Defendant fulfilling all of its

9   obligations pursuant to the agreement.

10   12 On or about 12/29/2007, BANK OF AMERICA, N.A., canceled the

11   credit card, for lack of payment, leaving an unpaid balance of

12   $3,417.21.

13   13 Defendant breached the terms of the agreement by failing to make

14   any further payments to BANK OF AMERICA, N.A.

15   14 Plaintiff, the bonafide purchaser of this overdue credit card

16   account, did not received any payments from Defendant and is now

17   due and owing in the amount of $3,417.21.

18   15 It has been necessary for Plaintiff to retain services of an

19   attorney to bring and maintain this action.

20   16 Plaintiff is entitled to reasonable attorney's fees and costs of

21   suit as provided by law.

22

23   **II.   SECOND CAUSE OF ACTION MONIES DUE AND OWING**

24

25   17 Plaintiff re alleges and incorporates paragraph 1 through 16 as

26   though fully set forth at point.

27   18 Within the last four years, Defendant became indebted to BANK OF

28   AMERICA, N.A. in the sum of $3,417.21 for money due and owing.

19 Defendant owes to Plaintiff, the bonafide purchaser of this BANK OF AMERICA, N.A. credit card account, a sum of $3,417.21 for services provided by BANK OF AMERICA, N.A. at the request of Defendant.

20 Although demand has been made upon Defendant for payment of said sum, Defendant has failed, neglected, and refused and continues to fail, neglect, and refuse to pay the same.

21 It has been necessary for Plaintiff to retain the services of an attorney to bring and maintain the action.

22 Plaintiff is entitled to reasonable attorney's fees and cost of suit as provided for by law.

## III.  THIRD CAUSE OF ACTION UNJUST ENRICHMENT

23 Plaintiff re alleges and incorporates paragraph 1 through 22 as though fully set for at this point.

24 BANK OF AMERICA, N.A. provided credit card services to Defendant until 12/29/2007, at Defendant's request.

25 Defendant promised to pay BANK OF AMERICA, N.A. for the credit/money provided but a balance remains pas due and owing.

26 Defendant received the benefits of the services but has refused or failed to pay either BANK OF AMERICA, N.A. or Plaintiff according to the terms of the agreement.

27 Plaintiff has demanded that Defendant pay the $3,417.21 but Defendant refuses and continues to refuse to pay Plaintiff.

28 It has been necessary for Plaintiff to retain services of an attorney to bring and maintain this action.

COMPLAINT

1  29 Plaintiff is entitled to reasonable attorney's fees and costs of
2      suit as provided by law.

3

4  WHEREFORE, Plaintiff, CACH, LLC, prays as follows:
5    1. For the first cause of action.
6          A. For a Judgment against the Defendant for the amount due
7             and owing to Plaintiff in the principal amount of
8             $3,417.21, plus interest at 10.00% per annum, from
9             12/29/2007, plus any other late fees that may have
10            accrued to date.
11         B. For reasonable attorney's fees and costs of suit incurred
12            herein.
13         C. For any other Judgment this court may deem proper in the
14            premises.
15   2. For the second cause of action
16         A. For a Judgment against the Defendant for the amount due
17            and owing to Plaintiff in the principal sum of $3,417.21,
18            plus interest at 10.00% per annum from 12/29/2007, plus
19            any other fees that may have accrued to date.
20         B. For reasonable attorney's fees and costs suit incurred
21            herein.
22         C. For any other Judgment this court may deem proper in the
23            premises.
24   3. For the third cause of action.
25         A. For a Judgment against the Defendant for the amount due
26            and owing to Plaintiff in the principal sum of $3,417.21,
27            plus interest at 10.00% per annum, from 12/29/2007, plus
28            any other late fees that my have accrued to date.

COMPLAINT

1    B. For reasonable attorney's fees and costs of suit incurred

2        herein.

3    C. For any other Judgment this court may deem proper in the

4        premises.

5

6  Dated this ___21___ day of ___Van___, 2010.

7

8

9                        Respectfully Submitted

10

11              By: _____

12                  Robert J. Colclough, III, Esq.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# Exhibit B

09/15/2010 09:12    8189333383                    ACS                                    PAGE 02/03

**CIV-110**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
Robert J. Colclough, III  (State Bar # 180821)
Law Offices of Robert J. Colclough, III
7120 Hayvenhurst Avenue, Suite 111
Van Nuys, CA 91406
TELEPHONE NO.: (818) 906-0120     FAX NO. (Optional): (818) 933-3383
E-MAIL ADDRESS (Optional): lorjc_collectionlaw@yahoo.com
ATTORNEY FOR (Name): CACH, LLC, Plaintiff

FOR COURT USE ONLY
10 SEP 15 PM 2:01
CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA  92101
BRANCH NAME: Central Hall of Justice

PLAINTIFF/PETITIONER: CACH, LLC

DEFENDANT/RESPONDENT: Carlos A Terriquez

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death | 37-2010-00087512-CL-CL-CTL |
| ☐ Motor Vehicle  ☐ Other | |
| ☐ Family Law  ☐ Eminent Domain | |
| ☒ Other (specify) : Collections | |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
a. (1) ☒ With prejudice   (2) ☐ Without prejudice
b. (1) ☐ Complaint      (2) ☐ Petition
(3) ☐ Cross-complaint filed by (name):                                      on (date):
(4) ☐ Cross-complaint filed by (name):                                      on (date):
(5) ☒ Entire action of all parties and all causes of action
(6) ☐ Other (specify):*

2. (Complete in all cases except family law cases.)
☐ Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: September 14, 2010

Robert J. Colclough, III
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                    (SIGNATURE)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner        ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                    (SIGNATURE)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign the consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner        ☐ Defendant/Respondent
☐ Cross-Complainant

(To be completed by clerk)                    SEP 15 2010
4. ☒ Dismissal entered as requested on (date):
5. ☐ Dismissal entered on (date):                          as to only (name):
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed     ☐ means to return conformed copy

Date: OCT 20 2010                         Clerk, by                                       , Deputy

Page 1 of 2
Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]                    **REQUEST FOR DISMISSAL**                    Code of Civil Procedure, § 581 et seq.;
                                                                                            Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
                                                                                            www.courtinfo.ca.gov

# Exhibit C

Carlos A. Terriquez
P.O. Box 81653
San Diego, CA 92138

**REQUEST FOR RE-INVESTIGATION OF CREDIT REPORT**
August 21, 2011

**VIA U.S. MAIL TO:**
TransUnion Consumer Solutions
P.O. Box 2000
Chester, PA 19022

Re:   Name:        Carlos A. Terriquez
      S.S.N.:      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
      Address:     P.O. Box 81653, San Diego, CA 92138

I am writing to dispute the following information in my file.

| | |
|---|---|
| Current Creditor: | CACH, LLC |
| Original Creditor: | Bank of America, N.A. |
| Original Account #: | 4427103020185954 |
| Creditor Account #: | 14832024080103689 |

The information regarding this account is inaccurate because I do not owe the current creditor what they claim I owe. I demand that the item be removed from my credit report.

You will find a copy of this credit report enclosed containing this inaccurate data highlighted. I also have enclosed a copy of a dismissal form filed in a lawsuit CACH, LLC filed against me. Essentially, CACH, LLC dismissed their case against me *with prejudice* and they got sanctioned by the judge for not complying with discovery. I have also enclosed a copy of the minute of the order of the court to aid in your investigation.

By reporting this item you have impacted my credit score thus making it impossible for me to obtain any sort of loan. I would appreciate you expediting this investigation.

Thank you,


Carlos A. Terriquez
Enclosures: *Page 11 of my credit report; Minute Order dated 09/03/2010; Request for Dismissal*

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TransUnion Consumer Solutions
P.O. Box 2000
Chester, PA 19022

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

TransUnion LLC

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)     7009 2250 0003 5920 7195

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

# Exhibit D

Carlos A. Terriquez
P.O. Box 81653
San Diego, CA 92138

**REQUEST FOR RE-INVESTIGATION OF CREDIT REPORT**
August 21, 2011

**VIA U.S. MAIL TO:**
Equifax Credit Information Services, Inc.
P.O. Box 740241
Atlanta, GA 30374

Re:   <u>Name:</u>      Carlos A. Terriquez
      <u>S.S.N.:</u>     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
      <u>Address:</u>    P.O. Box 81653, San Diego, CA 92138

I am writing to dispute the following information in my file.

|  |  |
|---|---|
| <u>Current Creditor</u>: | CACH, LLC |
| <u>Original Creditor</u>: | Bank of America, N.A. |
| <u>Original Account #</u>: | 4427103020185954 |
| <u>Creditor Account #</u>: | 14832024080103689 |

The information regarding this account is inaccurate because I do not owe the current creditor what they claim I owe. I demand that the item be removed from my credit report.

You will find a copy of this credit report enclosed containing this inaccurate data highlighted. I also have enclosed a copy of a dismissal form filed in a lawsuit CACH, LLC filed against me. Essentially, CACH, LLC dismissed their case against me *with prejudice* and they got sanctioned by the judge for not complying with discovery. I have also enclosed a copy of the minute of the order of the court to aid in your investigation.

By reporting this item you have impacted my credit score thus making it impossible for me to obtain any sort of loan. I would appreciate you expediting this investigation.

Thank you,


Carlos A. Terriquez
Enclosures: *Page 11 of my credit report; Minute Order dated 09/03/2010; Request for Dismissal*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Equifax Credit Information Services, Inc.
P.O. Box 740241
Atlanta, GA 30374

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Jeffrey B. Allison*    ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

AUG 2 5 2011

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from servi    7001 2510 0004 5420 5352

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# Exhibit E

Carlos A. Terriquez
P.O. Box 81653
San Diego, CA 92138

**REQUEST FOR RE-INVESTIGATION OF CREDIT REPORT**
August 21, 2011

**VIA U.S. MAIL TO:**
Experian National Consumer Assistance Center
P.O. Box 2002
Allen, TX 75013

Re:   Name:       Carlos A. Terriquez
      S.S.N.:      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
      Address:    P.O. Box 81653, San Diego, CA 92138

I am writing to dispute the following information in my file.

      Current Creditor:     CACH, LLC
      Original Creditor:     Bank of America, N.A.
      Original Account #:    4427103020185954
      Creditor Account #:   14832024080103689

The information regarding this account is inaccurate because I do not owe the current creditor what they claim I owe. I demand that the item be removed from my credit report.

You will find a copy of this credit report enclosed containing this inaccurate data highlighted. I also have enclosed a copy of a dismissal form filed in a lawsuit CACH, LLC filed against me. Essentially, CACH, LLC dismissed their case against me *with prejudice* and they got sanctioned by the judge for not complying with discovery. I have also enclosed a copy of the minute of the order of the court to aid in your investigation.

By reporting this item you have impacted my credit score thus making it impossible for me to obtain any sort of loan. I would appreciate you expediting this investigation.

Thank you,


Carlos A. Terriquez
Enclosures: *Page 11 of my credit report; Minute Order dated 09/03/2010; Request for Dismissal*

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  EXPERIAN<br>X  701 EXPERIAN PARKWAY  ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name* )  AUG 3 0 20    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Experian National Consumer Assistandce Center<br>P.O. Box 2002<br>Allen, TX 75013 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☐ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label)    7009 2250 0003 5920 7201 | |
| PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540 | |

# Exhibit F

December 8, 2012

**Via Certified Mail to:**
Bank of America Corporation
PO Box 982234
El Paso, TX 79998-2234

RE:    Account Number:    4888 9319 9279 6362
        Name:             Carlos A. Terriquez
        Address:          PO Box 81653, San Diego, CA 92138
        Date of Birth:    11/04/1969
        Social Security:  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

To Whom It May Concern:

This letter is regarding account #4888 9319 9279 6362 which you claim on all 3 of my credit reports that I owed and was later purchased by another lender. This is a formal letter informing you that I DO NOT, nor have I ever, owed on the above referenced account.

Please be aware that on March 11, 2010 CACH, LLC, who purchased the account from you, filed suit against me but eventually lost their case in open court when they failed to validate the alleged debt. CACH, LLC's attorney of record, in their San Diego Superior Court case, was sanctioned by a Superior Court judge for failing to comply with my discovery requests. Please see the enclosed copies of CACH, LLC's San Diego Superior Court case against me.

Please ALSO be aware that in dismissing their case against me **with prejudice** CACH, LLC is legally barred from taking any and all further actions against me given that a dismissal **with prejudice** is a legal equivalent to "a verdict and judgment on the merits of the case". Equally so, Bank of America is subject to the same legal standing of the San Diego Superior Court case that was filed against me which means that Bank of America, pursuant to the mandates of a dismissal **with prejudice**, must immediately abandon any and all further credit reporting on all 3 of my credit reports.(i.e. *Experian, Equifax,* and *Transunion*)

NOW, I am requesting from Bank of America validation of this alleged debt. Please note that I am requesting validation that is competent evidence bearing my <u>signature</u> with full <u>accounting of any and all credit card charge slips and/or sales slips</u> which substantiates the amount that you claim that I owed and that shows that I have (or ever had) some contractual obligation to pay you.

Should you fail **within 30 days** of receipt of this certified letter to STOP any negative reporting on all 3 of my credit reports then you'll leave me no other option but to file suit against your company in Superior Court. I will be seeking a minimum of $5,000 in punitive damages for 3 violations of CCRAA §1785.25(a) which states that: *"A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is <u>incomplete</u> or <u>inaccurate</u>."*

Thank you very much for your immediate attention to this important matter.

Carlos A. Terriquez

<u>Enclosures</u>: *Copy of CACH, LLC's Superior Court Complaint; Copy of CACH, LLC's Dismissal with Prejudice; Copy of Superior Court minutes dated 09/03/2010; Copy of page 4 of my Transunion credit report; Copy of page 5 of my Equifax credit report; Copy of page 6 of my Experian credit report*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X     ☐ Agent<br>ACE/Bank of America   ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Bank of America, N.A.<br>P.O. Box 982234<br>El Paso, TX 79998-<br>2234 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>DEC – 10 · 12<br>N. Villegas/M Bacon |
| | 3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7012 2210 0000 8253 1259 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540